O/E SYSTEMS, INC., d/b/a/ M/C LEASING Plaintiff,

v.

INACOM CORPORATION, Commonwealth Insurance Company, and Travelers Property Casualty Company Defendants.

No. CIV. A. 01–400–JJF.

United States District Court, D. Delaware.

Jan. 2, 2002.

W. Harding Drane, Jr., Laurie Selber Silverstin, and James M. Kron, Potter Anderson & Corroon LLP, Wilmington Delaware, for Plaintiff O/E Systems, Inc., d/b/a M/C Leasing.

Laura Davis Jones, Pachulski Stang Ziehl Young & Jones, P.C., Wilmington, Delaware, Pachulski Stang Ziehl Young & Jones, P.C., Los Angeles, California (James K.T. Hunter, of counsel) for Defendant InaCom Corporation.

Kathleen Jennings, Oberly & Jennings, P.A., Wilmington, Delaware, Darr Fisher Kanaris & Vanek, P.C., Chicago, Illinois (Henry Daar, Robert Lentz, of counsel) for Defendant Commonwealth Insurance Company.

Henry E. Gallagher, Jr., Conolly Bove Lodge & Hutz LLP, Wilmington, Delaware, Drinker Biddle & Reath LLP, Philadelphia, Pennsylvania (John F. Schultz, of counsel) for Defendant Travelers Property Casualty Company.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is a Motion To Dismiss (D.I.8) filed by Defendant Travelers Property Casualty Company (hereinafter "Travelers") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Travelers' Motion To Dismiss will be granted.

### I. BACKGROUND

#### A. Factual Background

Plaintiff O/E Systems, Inc., d/b/a/ M/C Leasing (hereinafter "M/C Leasing") leased laptop computers and other computer equipment to Defendant InaCom Corporation (hereinafter "InaCom") on April 15, 1999. (D.I.1, Ex. A). On June 16, 2000, InaCom filed for Chapter 11 protection and, shortly thereafter, shut down its business. (D.I. 9 at 4). To date, the leased computer equipment cannot be located. (D.I. 9 at 1).

Pursuant to the equipment leases, InaCom was allegedly required to maintain insurance on the leased equipment and name M/C Leasing as an insured under any policy it maintained. (D.I. 9 at 4). InaCom acquired or already had in force at least two policies for this purpose; namely, Defendant Commonwealth Insurance Company's (hereinafter "Commonwealth") Policy No. 2146 and Aetna Casualty and Surety Company of America's (hereinafter "Aetna") Policy No. 20 BY 100891995. (D.I. 11 at 3). Travelers has since acquired Aetna's property-casualty business and is now responsible for any claims under the Aetna Policy (hereinafter "Travelers/Aetna Policy"). (D.I. 11 at 3).

The Travelers/Aetna Policy is a so-called "crime policy" which issued to InaCom on August 5, 1994, and has been in effect at

all relevant times.[1] (D.I. 11 at 4). In pertinent part, the Travelers/Aetna Policy provides that: "We will pay for loss of, and loss from damage to, Covered Property resulting directly from the Covered Cause of Loss." (D.I. 9, Ex. A at 7). "Covered Cause of Loss" is defined to include employee dishonesty and "Covered Property" is defined to include money, securities, and property other than money and securities. (D.I. 9, Ex. A at 7). Despite the alleged agreement between M/C Leasing and Ina-Com, the provisions of the Travelers/Aetna Policy clearly indicate that InaCom is the only named insured and the only party entitled to receive benefit under the Policy. (D.I. 9, Ex. A at 2, 4). Specifically, the Policy provides that the named insureds are: "Inacom Corporation And Any Interest And/Or Employee Benefit Plan That Is More Than 50% Owned By Any One or More Of Those Named As Insureds." (D.I. 9, Ex. A at 2). Additionally, the Policy provides that "this insurance is for [the named insureds] benefit only. It provides no rights or benefits to any other person or organization." (D.I. 9, Ex. A at 4).

Although no party disputes that the lost equipment is "Covered Property" under the Travelers/Aetna Policy, what caused the loss of the equipment has yet to be determined. In its Complaint, M/C Leasing references the possibility that the lost equipment is the result of employee dishonesty. (D.I.1, ¶ 11). Specifically, M/C Leasing alleges that the leased equipment was last in the possession of InaCom employees who were laid off after the bankruptcy petition was filed, and, to date, has not been returned. (D.I.1, ¶ 11).

Initially, InaCom allegedly agreed to cooperate with M/C Leasing to recover the value of the lost equipment under the Commonwealth and Travelers/Aetna Policies. (D.I.1, ¶ 16). To date, InaCom has not taken any action to recover under either policy, and has recently denied the material allegations of M/C Leasing's Complaint. (D.I. 11 at 4).

## B. Procedural History

M/C Leasing commenced this action against InaCom, Commonwealth, and Travelers on July 14, 2001. (D.I.1). In the Complaint, M/C Leasing seeks declaratory, monetary, and injunctive relief based upon the policies of insurance sold to Ina-Com by Commonwealth and Aetna. (D.I.1).

Travelers has filed the instant Motion To Dismiss pursuant to Federal Rule Of Civil Procedure 12(b)(6), asserting that M/C Leasing has no right to recover from Travelers under the Travelers/Aetna Policy. (D.I. 8; D.I. 9).

## II. STANDARD OF REVIEW

When a court analyzes a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be accepted as true. *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* In sum, the only way a court can grant a Rule 12(b)(6) motion to dismiss is "if it appears that the [nonmoving party] could prove no set of facts" consistent with the allegations that would entitle it to relief. *Id.*

## III. DISCUSSION

Travelers contends that M/C Leasing's Complaint to the extent it pertains to Travelers must be dismissed because M/C

---

1. Because the Travelers/Aetna Policy is the only policy at issue in this matter which re-lates to Travelers, the Commonwealth Policy will not be discussed.

Leasing cannot establish a legally enforceable right under the Travelers/Aetna Policy. (D.I. 9 at 2). Specifically, Travelers contends that M/C Leasing cannot establish that it is an insured of Travelers under the relevant policy. (D.I. 9 at 5). Travelers contends that M/C Leasing is neither a named insured nor a third-party beneficiary under the Travelers/Aetna Policy, and M/C Leasing has failed to allege that it is either an assignee or judgment creditor of InaCom. (D.I. 9 at 5–8).

Additionally, even if M/C Leasing could establish that it is an insured of Travelers, Travelers contends that at least three contractual conditions of the Travelers/Aetna Policy prevent any possible right to coverage. (D.I. 9 at 2). First, Travelers contends that over one hundred and twenty (120) days have passed since the loss of the leased equipment and neither InaCom nor M/C Leasing have provided Travelers with a sworn proof of loss, which violates the notice provisions of the Travelers/Aetna Policy. (D.I. 9 at 8). Second, Travelers contends that M/C Leasing has failed to allege an actual theft by an InaCom employee, which is required under the Travelers/Aetna Policy to establish "employee dishonesty." (D.I. 9 at 9). Third, Travelers contends that M/C Leasing has failed to allege that its rights under the Commonwealth Policy have been exhausted, which is a prerequisite to coverage under the Travelers/Aetna Policy. (D.I. 9 at 11).

In opposition, M/C leasing contends that judicial economy suggests denying Travelers Motion To Dismiss despite the fact that M/C Leasing is not currently an insured of Travelers. (D.I. 11 at 11). M/C Leasing concedes that it is not currently a named insured, third party beneficiary, or assignee of the Travelers/Aetna Policy. (D.I. 11 at 8–11). Nonetheless, M/C Leasing contends that because the named insured, InaCom, breached its contractual obligation under the Lease Agreement to name M/C Leasing as an insured under the Travelers/Aetna Policy, M/C Leasing will be a judgment creditor or assignee of InaCom as soon as the Court enters judgment against InaCom or requires InaCom to assign its right to enforce the Travelers/Aetna Policy. (D.I. 11 at 9, 11). According to M/C Leasing, because it will likely be in a position to proceed directly against Travelers as an assignee or judgment creditor, judicial economy suggests denying Travelers' Motion. (D.I. 11 at 11).

M/C Leasing additionally contends that its Complaint is sufficient to withstand Travelers' arguments with respect to the various contractual provisions of the Travelers/Aetna Policy. (D.I. 11 at 7). M/C Leasing contends that it has alleged in its Complaint that "Upon knowledge and belief, InaCom and/or [Plaintiff] have complied with all applicable provisions of the Travelers/Aetna Policy." (D.I. 11 at 12). According to M/C Leasing, this allegation is sufficient to overcome Travelers' proof of loss contentions in light of Federal Rule of Civil Procedure 9(b), which provides "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." (D.I. 11 at 12). Additionally, M/C Leasing contends that it has alleged in its Complaint that "[t]he loss of the Leased Equipment was caused in whole or part by 'Employee Dishonesty' as defined in the Aetna/Travelers Policy." (D.I. 11 at 14). According to M/C Leasing, when this allegation is accepted as true as is required in considering this Motion, Travelers' "employee dishonesty" arguments are insufficient. (D.I. 11 at 14). Further, M/C Leasing contends that it is not required to allege that all remedies under the Commonwealth Policy have been exhausted because it is authorized under Federal Rule of Civil Procedure 8(a) to

demand "[r]elief in the alternative or of several different types." (D.I. 11 at 15).

■ The Court will first address Travelers' contention that the Plaintiff, M/C Leasing, is not an insured party under the Travelers/Aetna Policy, and therefore, cannot maintain a claim against Travelers. In order to enjoy a benefit under an insurance policy, it must be shown that the person claiming coverage is, in fact, an insured. A. Windt, *Insurance Claims and Disputes,* Vol. 1, Section 4.05 at 181 (3rd ed.1995). In the event that a party is not a named insured, that party may still recover under an insurance policy if the contracting parties to that policy actually intended to benefit the unnamed third-party. *Delmar News, Inc. v. Jacobs Oil Co.,* 584 A.2d 531 (Del.Super.1990). However, in the absence of the status as a named party or a third party beneficiary, an allegedly injured party may only recover under an insurance policy when there has been an assignment or when the injured party is a judgment creditor. A. Windt, *Insurance Claims and Disputes,* Vol. 2, Section 9.13 at 59 (3rd ed.1995).

■ After considering the arguments of the parties and the law applicable to this issue, the Court concludes that M/C Leasing cannot make a claim directly against Travelers because it is not a named in-sured under the Travelers/Aetna Policy, nor can M/C Leasing recover under a theory that it is an assignee, or a judgment creditor. A plain reading of the Policy establishes that M/C Leasing was not a party to the contract.[2] Specifically, the Travelers/Aetna Policy names InaCom as the only insured and prohibits any third party benefit. (*See* D.I. 9, Ex. A at 2, 4). Additionally, InaCom has not assigned any of its rights under the Travelers/Aetna Policy to M/C Leasing and M/C Leasing is not a judgment creditor at this time. Accordingly, M/C Leasing presently has no enforceable rights against Travelers.[3] Because M/C Leasing has no present enforceable rights against Travelers, Travelers' Motion To Dismiss must be granted.[4]

## IV. CONCLUSION

For the reasons discussed, Travelers' Motion To Dismiss (D.I. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6) must be granted.

An appropriate Order will be entered.

**2.** The Travelers/Aetna Policy may be considered as part of this Motion To Dismiss despite the fact that Plaintiff failed to attach this Policy to its Complaint. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3rd Cir. 1993) (holding that a "court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

**3.** M/C Leasing contends that is should be permitted to maintain its action against Travelers in the interest of judicial economy because, at some time in the future, it may become a judgment creditor or assignee of InaCom.

(See D.I. 11 at 8–11). Although the Court agrees that M/C Leasing may in the future attain the status of an assignee or judgment creditor, the Court may presently only exercise its jurisdiction over actual cases and controversies. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

**4.** Because the Court concluded that M/C Leasing has no present rights against Travelers, the Court will not address Travelers' additional arguments with respect to the various contractual provision of the Travelers/Aetna policy.