# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE SMITH, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N22C-05-089 CLS |
| CSAA GENERAL INSURANCE | ) | |
| COMPANY. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Date Submitted: July 29, 2022
Date Decided: October 6, 2022

*Upon Defendant's Motion to Dismiss Plaintiff's Complaint.* **GRANTED.**

## ORDER

Vincent J.X. Hedrick, II, Esquire, Bove & Hedrick, Attorneys at Law, Wilmington, Delaware, 19899, Attorney for Plaintiff, George Smith, III.

Katherine J. Sullivan, Esquire, WILKS LAW, LLC, Wilmington, Delaware, 19805, Attorney for Defendant, CSAA General Insurance Company.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Defendant CSAA General Insurance Company's ("CSAA") Motion to Dismiss ("Motion") Plaintiff George Smith, III's ("Mr. Smith") Complaint. The Court has reviewed the Motion and Mr. Smith's opposition. For the reasons below, Defendants' Motion to Dismiss is **GRANTED.**

## ALLEGED FACTS

The cause of action arises out of a dog bite at the home of Joseph Dimino ("Mr. Dimino"). On October 1, 2021, Mr. Smith filed a complaint naming Mr. Dimino. In this complaint, Mr. Smith alleged he was an invitee of Mr. Dimino when Mr. Dimino's Pit Bull viciously attacked him, requiring Mr. Smith to seek medical attention the day after the bite. Mr. Smith alleged the Pit Bull had previously attacked and/or bitten other individuals and Mr. Dimino was aware his Pit Bull's propensity.

On May 12, 2022, Mr. Smith filed this cause of action as a Complaint for Declaratory Judgment against CSAA as the insurer of Mr. Dimino. Mr. Smith claims CSAA has failed to honor its obligations under Mr. Dimino's policy and thus, he asked the Court to enter an Order to declare CSAA is responsible for damages caused by the dog bite.

On June 27, 2022, CSAA filed this Motion, which argues Mr. Smith cannot maintain a direct action against CSAA because he is not insured by CSAA. CSAA

subsequently argued even if Mr. Smith could maintain an action against CSAA, CSAA does not have an obligation to defend or indemnify Mr. Dimino and Brandy Edgington based on the policy's "Dog with Prior Bite History" exclusion.

On July 29, 2022, Mr. Smith responded in opposition to the Motion. He argued CSAA's Motion should be denied because the Complaint for Declaratory Judgment sets forth Mr. Smith was an invitee of the insured and that the insured dog bit Mr. Smith on insureds' property.  Therefore, Mr. Smith argues he stated a judiciable claim under the policy.  Additionally, Mr. Smith contends the language contained in the complaint against Mr. Dimino cannot be used as allegations in this Complaint for Declaratory Judgment, i.g. even though Mr. Smith stated Mr. Dimino's Pit Bull had prior biting incidents and Mr. Dimino knew about them, because those statements were contained in a different, but related complaint, they cannot be used as evidence toward the Pit Bull's prior bite history.

## STANDARD OF REVIEW

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[1]  In making its

---

[1] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012)(citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[2] The complaint must be without merit as a matter of fact or law to be dismissed.[3] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[4]

In most cases, when the Superior Court considers a 12(b)(6) motion, it limits analysis to the "universe of facts" within the complaint and any attached documents.[5] This rule protects parties from the harm that may be caused by a lack of notice.[6] The court, however, may consider documents outside the pleadings when "the document

---

[2] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del. 1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).

[3] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del. 1970).

[4] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537)).

[5] *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del. 2001), *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69 (Del. 1995),

[6] *In re Gardner Denver, Inc.*, 2014 WL 715705, at *2 (Del. Ch. Feb. 21, 2014) (citing *In re Morton's Rest. Grp., Inc. S'holders Litig.*, 74 A.3d 656, 658 n.3 (Del. Ch. 2013) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)), and *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 523 (Del. Ch. 2005)); 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed.) (In the federal context: "Generally, the harm to the plaintiff when a court considers material extraneous to a complaint on a Rule 12(b)(6) motion is the lack of notice that the material may be considered. Accordingly, when the plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of converting a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

is integral to a plaintiff's claim and incorporated into the complaint," or "when the document is not being relied upon to prove the truth of its contents."[7] Additionally, "[t]he trial court may also take judicial notice of matters that are not subject to reasonable dispute."[8]

## DISCUSSION

In support of CSAA's argument that Delaware does not permit direct actions against insurers in situations such as this, CSAA offers the case of *Kaufmann v. McKeown*.[9] While *Kaufmann* dealt primarily with the application of the Dead Man's Act, the Court addressed whether an injured party could maintain a direct action against an insurer for the negligent acts of its insured. The Court stated: "A liability insurer may well be the real party in interest, but this is not a State where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tortfeasor or in the event of her demise, her estate."[10]

---

[7] *Vanderbilt Income & Growth Assoc., L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996) (citing In re Santa Fe, 669 A.2d at 69–70).
[8] *In re General Motors*, 897 A.2d at 169 (citing D.R.E. 201(b)); see *In re Gardner Denver, Inc.*, 2014 WL 715705, at *2 (Noting that this Court has recognized three occasions where a court may consider documents extraneous to a complaint: "(i) when the document is integral to a plaintiff's claim and incorporated into the complaint; (ii) when the document is not being relied upon to prove the truth of its contents; and (iii) when the document, or a portion thereof, is an adjudicative fact subject to judicial notice."
[9] Del.Supr., 193 A.2d 81 (1963).
[10] *Id.* at 83.

In *Delmar News, Inc. v. Jacobs Oil Co.*,[11] the Court followed the authority of *Kaufmann* to conclude that an injured party may not bring a direct action against an insurer based upon the negligence of the insured.[12] The *Delmar* Court subsequently recognized an exception to the general rule which restricted injured parties from bringing direct actions against an insurer. That exception is: a third-party may recover on a contract made for his benefit.[13] Therefore, if a party is not a named insured, he may still recover under the policy as a third-party beneficiary.[14] Additionally, if the injured party is neither a named insured nor a third-party beneficiary, the injured party may still recover if there has been an assignment or there has been a judgment against the insured, such that the party has become a judgment creditor.[15]

Under general contract principles, for Mr. Smith to be a third-party beneficiary, the parties to the contract, Mr. Dimino and CSAA, must have intended to confer a benefit.[16] "[W]here it is the intention of the promisee to secure performance of the promised act for the benefit of another, either as a gift or in

---

[11] 584 A.2d 531, 533-34 (Del.Super.Ct.1990).
[12] *Id.*
[13] *Delmar News, Inc.*, 584 A.2d at 534. See also Eric Mills Holmes, 22 Holmes' Appleman on Insurance 2d § 142.1 (2003).
[14] *O/E Systems, Inc. v. InaCom Corp.*, 179 F.Supp.2d 363, 367 (D.Del.2002).
[15] *Id.*
[16] *Delmar News, Inc.*, 584 A.2d at 534.

satisfaction of an obligation to that person, and the promisee makes a valid contract to do so, then such third person has an enforceable right under that contract...."[17]

The issue of whether an injured party is a third-party beneficiary to a liability insurance policy is essentially a question of interpretation. The court must look to the language of the policy to determine the parties' intent. "A third-party beneficiary cannot sue, unless the contracting parties confer upon him the right to sue."[18] This is not to say that the third-party beneficiary has to be specified in the contract. "It is not essential to the creation of a right in an intended beneficiary that he be identified when a contract containing the promise is made."[19] This is just one factor that may have a bearing on whether the parties intended to confer a right on the injured party.[20]

In this regard, if a liability insurance policy explicitly states that injured parties could bring direct suit against the insurer before judgment had been obtained against the tortfeasor, such an action would be permitted. To the contrary, if a policy prohibits direct action to be brought against the insurer by injured parties, the intent

---

[17] *Guardian Constr. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1387 (Del.Super.Ct.1990).
[18] *Wilmington Housing Authority v. Fidelity & Deposit Co. of Maryland*, 47 A.2d 524, 528 (Del.1946). See *Crow v. Erectors, Inc.*, 1988 WL 7617, at *2 (Del.Super.Ct.) (concluding that the intent to benefit a third-party is dependent upon the language of the contract).
[19] Restatement (Second) of Contracts § 308 (1981).
[20] See *id.*

would be clear on the face of the policy. In that case a direct action would not be allowed.[21]

Page 75 of CSAA's insurance policy with Mr. Dimino states:

> E. Suit Against Us
> 1. No Action can be brought against us unless there has been full compliance with all of the terms under this Section II.
> 2. No one will have the right to join us as a party to any action against an "insured".
> 3. Also, no action with respect to Coverage E can be brought against us until the obligation of such "insured" has been determined by final judgment or agreement signed by us.

Coverage E contains a specific provision pertaining to dog bites.[22] The language of the policy prohibits a direct action to be brought against CSAA by injured parties. With this language present in the policy, injured parties are merely incidental beneficiaries and have no right under the policy to sue the CSAA until a

---

[21] See, e.g., *O/E Systems, Inc.*, 179 F.Supp.2d at 367 (finding Plaintiff could not make a direct claim against the insurer because the policy prohibited any third-party benefit).

[22] 11. "Vicious Dogs" and "Dogs with Prior Bite History"
"Bodily injury" or "property damage" caused by a "vicious dog" or "dog with prior bite history". This exclusion applies regardless of the cause of the loss, whether other causes of the loss acted concurrently or in any sequence with the excluded event to produce the loss, and regardless whether the claim against any "insured" arises out of;
   a. The ownership, custody or care of the dog by any "insured", or by any other person.
   b. Negligent supervision by any "insured" of any person or animal;
   c. Premises liability for allowing a dog on any premises; or
   d. Any liability statutorily imposed on any "insured".

judgment has been obtained against the insured or an agreement has been made as to settle the claims. Subsequently, there are no facts alleged that indicate if there has been an assignment or there has been a judgment against the insured, such that Mr. Smith has become a judgment creditor. Therefore, Mr. Smith does not fall into either exception to the general rule that an as an injured party, he does not have a direct action against CSAA.

Based on the alleged facts of the Complaint for Declaratory Judgment, and the language of the insurance policy[23], Mr. Smith cannot recover under any conceivable set of circumstances susceptible of proof under the Complaint, as he does not have a direct action against CSAA.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[23] which this Court may look at without the Motion being converted into a Motion for Summary Judgment.